# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 6:06-60074-07** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **ANTONIO LUNA VALDEZ, JR.  (07)** | * | **MAGISTRATE JUDGE HILL** |

## REPORT  AND RECOMMENDATION

Before the court is the Motion to Dismiss filed by defendant, Antonio Luna Valdez, Jr. ("Valdez").  [rec. doc. 829].  By the instant Motion, Valdez seeks dismissal of both the original and first superseding indictment under this court's general supervisory powers because of alleged prosecutorial misconduct before the grand jury in connection with the original and first superseding indictments returned in this case.

The Motion was referred to the undersigned for Report and Recommendation. [rec. doc. 850].  For the following reasons, it is **RECOMMENDED** that Antonio Luna Valdez Jr.'s Motion to Dismiss [rec. doc. 829] be **DENIED and DISMISSED as MOOT**, reserving Valdez' right to present evidence in support of all arguments asserted in his Motion to Dismiss the second superseding indictment.

## BACKGROUND AND ANALYSIS

On  November 16, 2006, Valdez was named with twelve others in a multi-count indictment charging him with conspiracy to possess with intent to distribute cocaine, cocaine base and marihuana in violation of 21 U.S.C. § 846 (Count 1) and forfeiture pursuant to 21 U.S.C. § 853 (Count 16).  [rec. doc. 1].

On November 14, 2007, Valdez was named in a superceding indictment, charging several co-defendants with a second conspiracy to commit money laundering, and additionally renumbering the forfeiture count in which Valdez was named (original Count 16) as Count 22. [rec. doc. 235].  .

After the filing of the instant Motion, on September 14, 2011, Valdez was named in a second superceding indictment charging him with the same conspiracy to possess with intent to distribute cocaine, cocaine base and marihuana in violation of 21 U.S.C. § 846 (Count 1).  [rec. doc. 911].  This indictment was returned by a different grand jury than that which heard the evidence with respect to the original and first superceding indictments.  Moreover, the evidence was presented to that grand jury by a different AUSA, John Luke Walker.

On September 20, 2011, Valdez filed a Motion to Dismiss the pending second superseding indictment. [rec. doc. 919].

The instant Motion was set for hearing on September 27, 2011 along with Valdez' Motion to Dismiss the pending second superseding indictment.  Prior to the hearing, the government informed the court that the second superceding indictment completely supplants and replaces the original and first superseding indictments, and, accordingly, the government does not intend to proceed on any of the charges included in the original or first superseding indictment.  This was confirmed in open court, on the record.

2

Given the return of the second superseding indictment and the government's acknowledgment that it intends to proceed solely on the charge set forth in the second superceding indictment, Valdez' Motion to Dismiss the original and first superceding indictments is now moot because Valdez will never be tried on these indictments. Valdez' right to present evidence in support of all arguments asserted in his Motion to Dismiss the second superseding indictment, however, should be reserved. Accordingly;

**IT IS RECOMMENDED** that Antonio Luna Valdez Jr.'s Motion to Dismiss [rec. doc. 829] be **DENIED and DISMISSED as MOOT,** reserving Valdez' right to present evidence in support of all arguments asserted in his Motion to Dismiss the second superseding indictment.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except**

upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Lafayette, Louisiana, September 30, 2011.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

**4**