# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO.: 06-60074-07 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| ANTONIO LUNA VALDEZ, JR. | MAGISTRATE JUDGE HANNA |

## MEMORANDUM ORDER

Defendant Antonio Luna Valdez, Jr. ("Valdez") has filed a motion for resentencing under Amendment 782 to the Sentencing Guidelines. [Record Document 1369]. Valdez was charged with conspiracy to possess with intent to distribute cocaine, cocaine base, and marijuana. [Record Document 910]. Before trial, the Government filed notices of his prior convictions for purposes of a sentencing enhancement. [Record Documents 182 and 472]. After trial, he was found guilty of conspiracy to possess with intent to distribute 5K or more of cocaine or 280g of cocaine base or 1000K of marihuana. [Record Document 1076]. Under the statute of conviction as it existed at that time, Valdez was subject to a mandatory life sentence because he had two prior drug felonies. [Record Document 1214 at 16–17]. Accordingly, he was sentenced to life imprisonment. [Record Document 1203]. President Obama later commuted Valdez's sentence to 168 months. [Record Document 1347].

At the time Valdez was sentenced, 21 U.S.C. § 841(b)(1)(A) provided that possession with intent to distribute 5K of cocaine, 280g of cocaine base, or 1000K of marihuana subjected a defendant to a 10-year mandatory minimum. However, if the defendant had a prior

conviction for a drug felony, the mandatory minimum was 20 years, and if the defendant had two prior convictions for drug felonies, the mandatory minimum was life imprisonment. *Id.*

The Court conducted two sentencing hearings. [Record Document 1214 and 1222]. The Court adjourned the first one to give defense counsel and Valdez time to confer and present a clear argument regarding the validity of Valdez's prior convictions and of the service of the Government's notice of the prior convictions. [Record Document 1222 at 47]. Ultimately, the Court found that the requirements of 21 U.S.C. § 851, which controls the proof of prior convictions used for sentencing enhancements for drug offenses, were satisfied and that Valdez's convictions required that he be sentenced to the mandatory minimum of life imprisonment. [Record Document 1214 at 59–60]. The Fifth Circuit affirmed the Court's conclusion that the notice requirements of § 851 had been satisfied. *United States v. Valdez*, 548 F. App'x 995, 1003–05 (5th Cir. 2013) (per curiam).

Valdez had three prior convictions, one each in Arkansas, Oklahoma, and Texas. Valdez admitted the Texas conviction, but contested whether the Arkansas and the Oklahoma judicial proceedings counted as convictions. [Record Document 1214 at 48]. The Court concluded that the Arkansas conviction could count for the enhancement, but that even if it could not, the two remaining convictions were sufficient. The Court also noted that Valdez could not challenge the Oklahoma and Texas convictions because 21 U.S.C. § 851(e) provides that a defendant cannot challenge the validity of convictions that became final more than five years before the filing of the information alleging the prior conviction. Those two convictions became final more than five years prior to the Government's filing of the information. [*Id.* at 41–42, 46–47].

Because Valdez's statutory mandatory minimum was life at the time that he was sentenced, he is not entitled to relief under Amendment 782. His motion [Record Document 1369] is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 21 day of August, 2019.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE